**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **CHARLES SMITH**, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 09 C 2392 |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | Martin C. Ashman |
| **MICHAEL J. ASTRUE**, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Charles Smith ("Plaintiff") brings this motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Defendant, Michael Astrue, the Commissioner of the Social Security Administration ("Commissioner") opposes the motion. The parties have consented to have this Court conduct any and all proceedings in this case, including entry of final judgment pursuant to 28 U.S.C. § 636(c) and N.D. Ill. R. 73.1(c). For the reasons stated below, this Court grants Plaintiff's motion.

**I.     Background**

Plaintiff filed an application for disability insurance benefits and social security income on March 22, 2005. After the Social Security Administration ("SSA") denied his application initially and on reconsideration, he received a hearing before an administrative law judge ("ALJ") on April 9, 2008. On May 22, 2008, the ALJ issued a decision finding that Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for a review, and he filed the instant

case in this Court on October 8, 2009. The Court reversed the Commissioner's decision in part and remanded for further consideration. Plaintiff now seeks attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).

## II. Legal Standard

The EAJA provides that a district court may award "fees and other expenses" where (1) the claimant was a prevailing party, (2) the government's position was not substantially justified, (3) there are no special circumstances that make an award unjust, and (4) the claimant filed a timely and complete application with the district court. 28 U.S.C. § 2412(d)(1)(A); *Stewart v. Astrue*, 561 F.3d 679, 683 (7th Cir. 2009). The requesting party must show that the fees sought are reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). A position is "substantially justified if it has a reasonable basis in fact and law, and if there is a reasonable connection between the facts alleged and legal theory" propounded. *Stewart*, 561 F.3d at 683 (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). The Commissioner bears the burden of proving that both his pre-litigation conduct, including the ALJ's decision, and his litigation position were substantially justified. *Stewart*, 561 F.3d at 683. Proving this requires that the government show "its position was grounded in '(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory propounded.'" *Bricks, Inc. v. U.S. Env't Prot. Agency*, 426 F.3d 918, 922 (7th Cir. 2005) (quoting *United States v. Hallmark Constr. Co.*, 200 F.3d 1076, 1080 (7th Cir. 2000)); *Cunningham v. Barnhart*, 440 F.3d 862, 864 (7th Cir. 2006).

Under *Astrue v. Ratliff*, — U.S. — , 130 S.Ct. 2521 (2010), an award under the EAJA belongs to the plaintiff and can be offset to satisfy a pre-existing debt the plaintiff owes the United States ("the Government"). After the award is entered, if the Government determines that plaintiff owes no such debts, the Government will direct that the fee award and expenses be made payable to plaintiff's attorney pursuant to the EAJA assignment signed by the parties. The award for costs is also payable to plaintiff.

### III. Discussion

The Court remanded the Commissioner's decision on the ground that the vocational expert ("VE") did not provide data or documents to support his estimate of the number of jobs in the local economy that were available to Plaintiff. At the administrative hearing, the VE deviated from the Dictionary of Occupational Titles ("DOT") concerning the number of available jobs for Plaintiff. The VE estimated that there are 1,700 information clerks and 2,000 surveillance system monitors in the Chicago metropolitan area that are both unskilled and sedentary. In coming up with this figure, the VE explained that he took the Bureau of Labor Statistics data for all security personnel and for all information clerks and reduced each figure to five percent of the total number in order to account for only those positions that were unskilled and sedentary. According to the VE, these modifications were based on his personal knowledge and experience. Next, the ALJ asked the VE to consider the same residual functioning capacity as before and an additional limitation requiring Plaintiff to work independently so as not to distract co-workers. The ALJ clarified that under this added restriction, Plaintiff could still have limited interaction with the public. The VE testified that Plaintiff could perform work as either

- 3 -

an information clerk or surveillance system monitor, but the VE reduced his previously estimated figures by another ten percent and twenty percent, respectively. The Court found that the VE had not provided sufficient reasons for reaching his conclusions and remanded the case for further inquiry on this ground.

The Commissioner argues that fees are not warranted here because the Court stated that the VE's testimony was only improper under "the facts presented in this case," not a violation of long-standing precedent. *See Smith v. Astrue*, No. 09 C 2392, 2010 WL 5110143, at *3 (N.D. Ill. Dec. 6, 2010). The significance of this argument is unclear, as the Court's decision in all such cases necessarily depends on the specific facts presented. The Court's decision in this case, as well as its order on the Commissioner's Rule 59(e) motion, found that the Commissioner had misapplied the requirements of *McKinnie v. Barnhart*, 368 F.3d 907 (7th Cir. 2004) to these facts. The Court's decision did not suggest that the facts of this case were so nuanced or unusual that its was unclear how *McKinnie* applied to them. Instead, the Court stated that when, as here, the basis for a VE's testimony is challenged, binding precedent clearly requires an ALJ to inquire into its reliability, that a VE must supply reasons for his determination, and that he did not do so here even when the Plaintiff asked for supporting data.

The Commissioner also contends that the Court failed to use the kind of "strong language" that can support an award of attorney's fees. *See Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004) ("Strong language against the government's position in an opinion discussing the merits of a key issue is evidence in support of an award of EAJA fees."). Such language, however, is not a necessary predicate for such fees, and the fact that the Court did not express its concerns with sufficient harshness to satisfy the Commissioner at this stage is not a

ground for finding that his litigation position was substantially justified. Instead, the Court's decision was clear that the VE did not comply with *McKinnie*'s requirements and that the Commissioner's defense of the ALJ's opinion was not substantially justified by precedent. *See Smith v. Astrue*, No. 09 C 2392, 2010 WL 3526655, at \*17 (N.D. Ill. Sept. 1, 2010) ("If a vocational expert could justify his testimony merely by referring to personal experience, it is difficult to understand how such testimony could ever be meaningfully challenged or what *McKinnie*'s requirement of the data and reasoning underlying the expert's testimony would mean.").

The Commissioner further contends that the Court's decision did not find sufficient error to warrant EAJA fees because it did not determine that the VE was not entitled to rely on his personal experience and that it did not accept Plaintiff's argument that the VE was required to produce reports to support his testimony. This argument mischaracterizes the import of the Court's decision. While the Court agreed with the Commissioner that a VE can rely on his own experience to meet *McKinnie*'s requirements, it also took strong exception to the VE's failure to comply with *McKinnie*'s mandate that the data or reasoning supporting his testimony be "available on demand." *McKinnie*, 368 F.3d at 911. As the Court noted, the VE in this case failed to produce, or even refer to, supporting reports or documents at the hearing despite strong and direct demands for them by Plaintiff's counsel.

The fact that the Court agreed with the Commissioner that a VE is entitled to rely on his general experience does not justify the Commissioner's litigation position under these facts. The Court rejected the Commissioner's argument that the VE provided "detailed" evidence of his personal experience, *Smith*, 2010 WL 5110143, at \*2-3, finding instead that his testimony on this

ground for finding that his litigation position was substantially justified. Instead, the Court's decision was clear that the VE did not comply with *McKinnie*'s requirements and that the Commissioner's defense of the ALJ's opinion was not substantially justified by precedent. *See Smith v. Astrue*, No. 09 C 2392, 2010 WL 3526655, at *17 (N.D. Ill. Sept. 1, 2010) ("If a vocational expert could justify his testimony merely by referring to personal experience, it is difficult to understand how such testimony could ever be meaningfully challenged or what *McKinnie*'s requirement of the data and reasoning underlying the expert's testimony would mean.").

The Commissioner further contends that the Court's decision did not find sufficient error to warrant EAJA fees because it did not determine that the VE was not entitled to rely on his personal experience and that it did not accept Plaintiff's argument that the VE was required to produce reports to support his testimony. This argument mischaracterizes the import of the Court's decision. While the Court agreed with the Commissioner that a VE can rely on his own experience to meet *McKinnie*'s requirements, it also took strong exception to the VE's failure to comply with *McKinnie*'s mandate that the data or reasoning supporting his testimony be "available on demand." *McKinnie*, 368 F.3d at 911. As the Court noted, the VE in this case failed to produce, or even refer to, supporting reports or documents at the hearing despite strong and direct demands for them by Plaintiff's counsel.

The fact that the Court agreed with the Commissioner that a VE is entitled to rely on his general experience does not justify the Commissioner's litigation position under these facts. The Court rejected the Commissioner's argument that the VE provided "detailed" evidence of his personal experience, *Smith*, 2010 WL 5110143, at *2-3, finding instead that his testimony on this

topic was unsatisfactorily brief and failed to address the VE's experience in placing information clerks. *Id*. The Commissioner relies once more on a characterization of the VE's testimony as sufficient to justify the ALJ's acceptance of it. For the reasons stated in the Court's decision and its order on the Rule 59(e) motion, the Court again rejects this argument. The VE's testimony was far from detailed, failed to address his experience in all the positions he claimed Plaintiff could be placed in, and was unsupported by any of the information demanded by Plaintiff's counsel. As such, the Commissioner's litigation position was not substantially justified.

## IV. Fee Calculation

Plaintiff has submitted an itemized statement claiming 63.9 attorney hours at $173.75 per hour, and 2.2 hours for a legal assistant at a rate of $85 per hour. On closer review, however, the time sheet actually shows 2.5 hours for the legal assistant, and 63.6 for the attorney's hours. The Commissioner does not object to the hourly rate of $173.75, but he takes exception to several of Plaintiff's itemized claims. The Commissioner objects to a August 27, 2009 entry of 0.3 hours to review the Court's scheduling order and asks for a 0.2 hour reduction.[1] The Court recognizes, as Plaintiff states, that a review involves more than copying down dates; it also requires scheduling the Court's dates with other matters in the calendar of Plaintiff's counsel. However, Plaintiff

---

[1] The Court notes that the briefing schedule was actually entered on September 16, 2009. For reasons that are unclear, the Commissioner does not object to a 0.2 hour charge for reviewing the Court's October 7, 2010 minute entry striking the hearing on the Commissioner's Rule 59(e) motion. Although the Court finds it difficult to understand why twelve minutes were required to review a one-sentence order, it will not strike this charge in the absence of an objection by the Commissioner.

provides no explanation of why eighteen minutes were required for such a relatively straightforward task, and the Court reduces this charge to 0.1 hours.

The Commissioner also argues that 0.3 hours listed for the electronic filing of Plaintiff's reply brief on December 8, 2009 should be a non-billable charge. However, other courts in this District have allowed charges for filing a reply brief when, as here, the billing rate is for a paralegal, not an attorney. *Victor v. Apfel*, No. 97 C 386, 1997 WL 733930, at *3 (N.D. Ill. Nov. 18, 1997). This item is allowed.

Plaintiff's counsel billed 6.2 hours for drafting Plaintiff's reply brief. The Commissioner argues that this amount is excessive because it largely reduplicated what the Plaintiff presented in his motion for summary judgment. The Commissioner asks the Court to reduce the amount to 1.5 hours. The Court respectfully disagrees. Plaintiff's counsel was required to review a large administrative record in light of the Commissioner's response brief, examine the case authorities relied on by the Commissioner, and make adjustments to arguments that were submitted in different forms earlier. The Court cannot conclude that Plaintiff's counsel was inefficient in spending 6.2 hours in fashioning his arguments in a case with numerous legal issues involving facts derived from a large record. Plaintiff's charge is allowed on this item. *See Tchemkou v. Mukasey*, 517 F.3d 506, 511 (7th Cir. 2008) (allowing 40 hours for a reply brief when 150 hours were spent on the opening motion); *Sanco v. Astrue*, No. No 09 C 3701, 2011 WL 1485264, at *6 (N.D. Ill. April 19, 2011) (allowing 7 hours for a reply brief in a case of this type).

The Commissioner also objects to a charge of one hour for a legal assistant to prepare the EAJA time sheet itself. As Plaintiff notes, however, the assistant is required to do more than

provides no explanation of why eighteen minutes were required for such a relatively straightforward task, and the Court reduces this charge to 0.1 hours.

The Commissioner also argues that 0.3 hours listed for the electronic filing of Plaintiff's reply brief on December 8, 2009 should be a non-billable charge. However, other courts in this District have allowed charges for filing a reply brief when, as here, the billing rate is for a paralegal, not an attorney. *Victor v. Apfel*, No. 97 C 386, 1997 WL 733930, at *3 (N.D. Ill. Nov. 18, 1997). This item is allowed.

Plaintiff's counsel billed 6.2 hours for drafting Plaintiff's reply brief. The Commissioner argues that this amount is excessive because it largely reduplicated what the Plaintiff presented in his motion for summary judgment. The Commissioner asks the Court to reduce the amount to 1.5 hours. The Court respectfully disagrees. Plaintiff's counsel was required to review a large administrative record in light of the Commissioner's response brief, examine the case authorities relied on by the Commissioner, and make adjustments to arguments that were submitted in different forms earlier. The Court cannot conclude that Plaintiff's counsel was inefficient in spending 6.2 hours in fashioning his arguments in a case with numerous legal issues involving facts derived from a large record. Plaintiff's charge is allowed on this item. *See Tchemkou v. Mukasey*, 517 F.3d 506, 511 (7th Cir. 2008) (allowing 40 hours for a reply brief when 150 hours were spent on the opening motion); *Sanco v. Astrue*, No. No 09 C 3701, 2011 WL 1485264, at *6 (N.D. Ill. April 19, 2011) (allowing 7 hours for a reply brief in a case of this type).

The Commissioner also objects to a charge of one hour for a legal assistant to prepare the EAJA time sheet itself. As Plaintiff notes, however, the assistant is required to do more than

mere clerical tasks. She must also review time entries, put them in new documents, extract non-billable items, and calculate the cost of living increase for EAJA fees. Based on this explanation, Plaintiff's charge is allowed at the reduced time of 0.7 hours.

Finally, the Commissioner objects to $17.13 for three certified mailings for the service of summonses at $5.71 each on the ground that Plaintiff has failed to produce receipts for such costs. The Court agrees with the Commissioner on this issue. Plaintiff has the burden of showing that these costs were, in fact, incurred. *See Hensely v. Eckerhart*, 461 U.S. 424, 437 (1983). In neither his time sheet nor in his reply to the Commissioner's objections, however, does Plaintiff state what summonses were involved or provide the receipts the Commissioner complains are lacking. Instead, Plaintiff responds that the Commissioner could have contacted Plaintiff's counsel to verify the charges and that the Commissioner knows that Plaintiff incurred the fees because the summons were served on the Commissioner. The Commissioner, however, is not arguing that he is unaware of the charges; he claims, correctly, that Plaintiff has failed to provide any evidence of them as part of his EAJA fee motion. Moreover, not all courts have allowed postage fees under the EAJA. *See Gibson-Jones v. Apfel*, 995 F. Supp. 825, 827 n.4 (N.D. Ill. 1998) (noting that such fees are not allowed under 28 U.S.C. § 1920); *Webb v. Bowen*, No. 84 C 1113, 1987 WL 18935, at *3 (N.D. Ill. Oct. 21, 1987) (disallowing postal fees); *but see Victor v. Apfel*, No. 97 C 386, 1997 WL 733930, at *3 (N.D. Ill. Nov. 18, 1997) (allowing such fees). Plaintiff's postage fees are disallowed.

The hours allowed for Plaintiff's attorney are reduced to 63.4 hours, and the hours for a legal assistant are reduced to 2.2 hours. Accordingly, the Court finds that Plaintiff is entitled to

attorneys' fees in the amount of $11,015.75 (63.4 hours x $173.75) and legal assistant fees in the amount of $187.00 (2.2 hours x $85) for a total of $11,202.75.

## V. Conclusion

For the reasons stated above, the Court finds that the Commissioner's position in the underlying litigation was not substantially justified and that the fees and costs requested by Plaintiff are reasonable. Therefore, the Court grants Plaintiff's request for attorney's fees in the amount of $11,202.75 to be paid to Plaintiff.

**ENTER ORDER:**

**MARTIN C. ASHMAN**
**Dated:** July 14, 2011. United States Magistrate Judge